IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10572
Summary Calendar

_____

EMMA MAE MCDONNELL,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(7:94-CV-101)

_____

January 23, 1996
Before GARWOOD, JOLLY and PARKER, Circuit Judges.[*]

PER CURIAM:

This is an appeal from the dismissal of appellant's claims brought under the Federal Tort Claims Act (FTCA). She argues that, after she filed her workers' compensation claim for employment-related physical injury pursuant to the Federal Employees' Compensation Act (FECA), she was on that account subjected to retaliatory employment discrimination and discharge and to

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

intentional infliction of emotional distress, during her employment and in relation to her discharge, by the Postal Service, her former employer. She argues that the district court erred in determining that FECA's exclusive remedy provision barred her claims under the FTCA. We have reviewed the record and find no reversible error. We agree, generally for the reasons given in this respect by the district court, that appellant's FTCA claims are precluded by the FECA and the Civil Service Reform Act (CSRA) as made applicable to Postal Service employment by the Postal Reorganization Act. *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *Morales v. Dept. of the Army*, 947 F.2d 766, 768-69 (5th Cir. 1991). *See also Pereira v. United States Postal Service*, 964 F.2d 873, 875 (9th Cir. 1992); *Saul v. United States*, 928 F.2d 829 (9th Cir. 1991). We note that *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988), relied on by appellant, deals with wholly private employment and does not involve the FTCA, the FECA, or the CSRA. Similarly, in *Truman v. United States*, 26 F.3d 592 (5th Cir. 1994), also relied on by appellant, the plaintiff was not a federal employee, and the FECA and the CSRA were not involved. Postal Service employees are federal employees and a part of the civil service. 39 U.S.C. § 1001(b). We do not reach the discretionary function issue.

AFFIRMED